## UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## FLORENCE DIVISION

| | | |
|---|---|---|
| **Martha Wise,** | ) | **COMPLAINT** |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No. _____** |
| | ) | |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **Commercial Recovery Systems,** | ) | |
| **Inc., and Jennifer Gonzales,** | ) | |
| **an individual,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

1. This is an action brought by the Plaintiff, Martha Wise, for actual and statutory damages, attorney's fees, and costs for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq,* (hereinafter "FDCPA"). The Plaintiff also seeks compensatory and punitive damages for the Defendant Commercial Recovery Systems, Inc.'s violations of South Carolina common law set forth herein.

## JURISDICTION AND VENUE

2. This Court has Jurisdiction under 15 U.S.C. § 1692k(d), and 28 U.S.C. §1331, §1332, and §1367.

3. Venue is proper in the Florence Division because the Plaintiff resides in

Galivants Ferry, South Carolina, Horry County and the Defendants transacted business in this division.

## PARTIES

4. The Plaintiff, Martha Wise, is a resident and citizen of the State of South Carolina, Horry County, and is over the age of twenty-one (21) years.

5. Defendant, Commercial Recovery Systems, Inc., is a Texas corporation with its principal place of business at 8035 East R. L. Thornton Freeway, Suite 220, Dallas, Texas 73228. Commercial Recovery Systems, Inc. is not properly registered to do business in South Carolina, but was in all respects and at all times relevant herein doing business in the state of South Carolina. The Defendant is engaged in the business of collecting consumer debts from consumers residing in South Carolina and is a "debt collector," as defined by the FDCPA 15 U.S.C. § 1692a(6).

6. The Defendant, Jennifer Gonzales, is a natural person employed by Defendant Commercial Recovery Systems, Inc. as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). The Plaintiff will specifically amend her complaint if and when the Defendant identified as Jennifer Gonzales provides different information regarding her identity.

## FACTUAL ALLEGATIONS

7. Beginning in or around March, 2009, and continuing through the date of the

filing of this complaint, the Defendants, its agents and employees, have called the Plaintiff on her cell phone, home phone, and work phone multiple times each week, with repeated calls on the same day. Said calls were made with the intent to harass, annoy, and intimidate the Plaintiff. Additionally, the Defendants left a message for Plaintiff on her employer's general answering machine and that message was heard by a third party.

8. In March, 2009, Defendant Gonzales called the Plaintiff's work number stating the Plaintiff owed $14,129.15. In response, the Plaintiff told Gonzales that she could not receive collection calls on her job. Gonzales told Plaintiff "I know full well where I'm calling, Mrs. Wise. If you don't agree to settle this matter out of court, I will call your payroll department."

9. Thereafter, the Plaintiff received several messages on her home answering machine stating that the Plaintiff needed to call the Defendants regarding "case number 2667530."

10. On April 14, 2009, the Plaintiff received a telephone call on her home phone from Defendant Gonzales. During this conversation Gonzales told the Plaintiff "you have 48 hours to borrow or come up with the $14,129.15 that you owe my client. My client will get their money one way or another!"

11. On April 28, 2009, Defendant Gonzales called the Plaintiff again at her office number. The Plaintiff immediately told Gonzales she could not talk to her and

would have to let her go. Gonzales replied, "Oh no, Mrs. Wise, don't let me go, because I will just keep calling you back."

12. On May 5, 2009, Defendant Gonzales left a message on the Plaintiff's employer's office phone which was received by the receptionist. This message stated "Mrs. Martha Wise call Jennifer Gonzales at 1-800-214-7837 regarding file case number 2667530."

13. The Plaintiff received another message from Defendant Gonzales on May 11, 2009. This message stated "Call me or have your attorney call me about a pending legal matter, regarding file case number 2667530."

14. On May 14, 2009, the Plaintiff received a telephone call from Defendant Gonzales on her cell phone. During this conversation, Defendant Gonzales asked the Plaintiff if she had considered settling this matter out of court because if it went to court, Hyundai could put a lien on her personal property and assets. Then Gonzales told the Plaintiff that Hyundai was willing to go with a $10,000 settlement out of court or they would file suit. You have until Monday at 10:00 a.m. to come with the $10,000. The Plaintiff told Gonzales that she could not come up with that kind of money to which Gonzales replied "You haven't tried to borrow the money. If you want to look yourself in the mirror, go ahead, and see who's lying! Now, you're saying that I'm putting you under stress. It's not my fault! Go ahead and see a psychiatrist! Come on,

you're like an untrained kitten who says 'I can't, I can't'. Mrs. Wise, you are not even trying. You're old enough to know how life works. I'll bet you'd know somebody who could get you out, if you want to jail!" The Plaintiff was so upset by Defendant Gonzales' comments that she hung up the phone.

15. On May 19, 2009, Defendant Gonzales left a message for the Plaintiff on her home phone again stating that the Plaintiff needed to call her regarding a pending legal matter in regard to case number 2667530.

16. The Defendants have continued to call the Plaintiff through the present time.

## COUNT ONE
## FAIR DEBT COLLECTIONS PRACTICES ACT

17. The Plaintiff adopts the averments and allegations of paragraphs 7 through 16 hereinbefore as if fully set forth herein.

18. The Defendants have engaged in collection activities and practices in violation of the Fair Debt Collection Practices Act (hereinafter referred to as "FDCPA") with respect to the Plaintiff's alleged consumer debt.

19. The Defendants violated §1692b by leaving a message for a third party, and disclosing to that third party information regarding an alleged debt owed by the Plaintiff.

20. The Defendants violated §1692c(a)(1) by contacting the Plaintiff at a time or place Defendant knew or should have known was inconvenient to the Plaintiff.

      Additionally, the Defendants contacted the Plaintiff on her cell phone without her prior permission to do so.

21. The Defendants violated §1692d by engaging in conduct the natural consequence of which was to harass, oppress, or abuse the Plaintiff by using language the natural consequence of which is to abuse the hearer; and by repeatedly telephoning the Plaintiff with the intent to annoy, abuse, or harass the Plaintiff in an effort to coerce her into paying a debt in violation of §1692d(5).

22. The Defendants violated §1692e by making false and misleading representations to the Plaintiff.  At the time the Defendants made these representations to the Plaintiff, the Defendants knew, or should have known, that said representations were false.  Said representations made by Defendants were made recklessly, willfully, and/or intentionally.

23. The Defendants used false representations and/or deceptive means to collect or attempt to collect a debt or obtain information concerning the Plaintiff in violation of §1692e(10).

24. The Defendants falsely represented or implied that nonpayment of any debt would result in the seizure, attachment, or sale of property belonging to the Plaintiff when such action was not lawful and/or when the Defendant did not intend to take such action in violation of §1692e(4).

25. The Defendants threatened to take action that could not legally be taken or which they did not intend to take in violation of §1692e(5).

26. As a proximate result of the Defendants' actions, the Plaintiff was caused to suffer actual damages for worry, humiliation, fear, frustration, loss of peace and quiet, loss of sleep, anxiety, nervousness, physical sickness, physical pain and mental anguish.

## COUNT TWO
## NEGLIGENT TRAINING AND SUPERVISION

27. The Plaintiff adopts the averments and allegations of paragraphs 7 through 26 hereinbefore as if fully set forth herein.

28. Defendant Commercial Recovery Systems, Inc. knew or should have known of the conduct set forth herein which was directed at and visited upon the Plaintiff.

29. Defendant knew or should have known that said conduct was improper and in violation of the FDCPA and South Carolina state law.

30. Defendant negligently failed to train and supervise collectors in order to prevent said improper conduct.

31. Defendant negligently failed to train and supervise collectors on the FDCPA and South Carolina law as it relates to communications with consumers.

32. As a result of the Defendant's negligence, the Plaintiff suffered humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental

suffering, pain, and anguish.

## COUNT THREE
## RECKLESS AND WANTON TRAINING AND SUPERVISION

33. The Plaintiff adopts the averments and allegations of paragraphs 6 through 32 hereinbefore as if fully set forth herein.

34. Defendant Commercial Recovery Systems, Inc. knew or should have known of the conduct set forth herein which was directed at and visited upon the Plaintiff.

35. Defendant knew or should have known that said conduct was improper and in violation of the FDCPA and South Carolina state law.

36. Defendant recklessly and wantonly failed to train and supervise collectors in order to prevent said improper conduct.

37. Defendant recklessly and wantonly failed to train and supervise collectors on the FDCPA and South Carolina law as it relates to communications with consumers.

38. As a result of the Defendant's recklessness and wantonness, the Plaintiff suffered humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

## AMOUNT OF DAMAGES DEMANDED

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands a judgment against the Defendants as follows:

A.  Statutory damages in the amount of $1,000 from each Defendant for the Defendants' violations of the FDCPA (15 U.S.C. §1692k);

B.  Actual damages for Defendants' violations of the FDCPA;

C.  Costs and reasonable attorney's fees from the Defendants pursuant to 15 U.S.C. § 1692k; and

D.  Compensatory and punitive damages against Defendant Commercial Recovery Systems, Inc., in an amount to be determined by a struck jury on Plaintiff's state law claims for damages due to the Defendant's Negligent Training and Supervision, and Reckless and Wanton Training and Supervision.

E.  For such other and further relief as the Court may deem just and proper.

/s/ Penny Hays Cauley
Penny Hays Cauley, Fed.  ID No.  10323
Attorney for Plaintiff

**OF COUNSEL:**
HAYS CAULEY, P.C.
549 West Evans Street, Suite E
Florence, SC 29501
(843) 665-1717
(843) 665-1718 Facsimile
phc917@hayscauley.com

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL COUNTS**

/s/ Penny Hays Cauley
Penny Hays Cauley

**DEFENDANTS TO BE SERVED VIA CERTIFIED MAIL:**
Commercial Recovery Systems, Inc.
C/o Tim Ford, Registered Agent
8035 East R. L. Thornton Freeway
Suite 305
Dallas, TX 75228

Jennifer Gonzales (Restricted Delivery)
c/o Commercial Recovery Systems, Inc.
8035 East R. L. Thornton Freeway
Suite 220
Dallas, TX 75228